DIXON *v.* DIXON.

No. 39434          January 24, 1955          77 So. 2d 312

*McClaren & Dixon,* McComb, for appellant.

*Gordon & Gordon,* Liberty, for appellee.

ROBERDS, P. J.

Appellant and appellee are twin brothers. Appellant filed the bill herein alleging that he and appellee had had a number of business transactions, detailing them, and that appellee owed him a large sum of money growing out of these transactions. Appellee answered that he did not owe appellant anything whatsoever, but, on the contrary, appellant owed him a considerable sum of money as a result of such transactions, and, by way of cross bill, asked for a personal decree against appellant for the just amount owing to him by appellant. Appellant, in answer to the cross bill, denied he owed appellee anything, except $178.40 hereinafter mentioned.

A great deal of testimony was taken upon the issues of fact. After hearing all of this testimony the chancellor, in a clear, concise opinion, found that there was no merit in any of the claims of either party as against the other except that he found that appellant owed to appellee the sum of $178.40, which appellant admitted appellee was compelled to pay under a bond he signed as surety for appellant.

From that decree appellant appeals. Appellee did not cross appeal.

The merits of the respective claims depended upon the facts. The chancellor deduced the facts from conflicting testimony. We deem it unnecessary to discuss the evidence and conclusions pertaining to the many transactions here involved. It is sufficient to say, as to all of them, that we think the great weight of the testimony supports the conclusions reached by the learned chancellor.

Appellant says that he and appellee were traders and that mutual, open accounts existed between them, and that the statute of limitations had not run against any of the claims as was stated in the final decree herein. Sec. 730, Miss. Code 1942. While we are of opinion the parties hereto were not traders and that the dealings

between them were not of the nature of mutual open accounts, and that, therefore, they are not within said section, we deem it unnecessary to decide the questions because the opinion of the chancellor passed only upon the merits of the claims, finding they had no merit, without invoking the statute of limitations. It is true that the final decree, entered pursuant to the opinion, in addition to deciding the claims upon their merits, also said some of them were barred by the statute of limitations, but the finding that the claims were barred was entirely unnecessary, the decree having rightfully adjudicated the claims were without merit.

Affirmed.

*Hall, Lee, Kyle* and *Holmes, JJ.*, concur.